OMAHA COOPERAGE COMPANY, APPELLEE, V. CENTRAL
STATES COOPERAGE COMPANY, APPELLANT.

FILED MAY 6, 1911.　No. 16,423.

Contracts: BREACH: PETITION: SUFFICIENCY. ·Petition examined, its
substance stated in the opinion, and *held* sufficient to resist a
general demurrer. ·

APPEAL from the district court for Douglas county:
ABRAHAM L. SUTTON, JUDGE. *Affirmed.*

*William H. Crow* and *Joseph Crow,* for appellant.

*Smyth, Smith & Schall, contra.*

BARNES, J.

Action to recover damages for breach of contract for
the purchase and sale of certain cooperage supplies. De-
fendant filed a general demurrer to the plaintiff's peti-
tion, which was overruled. Defendant elected to stand
upon its demurrer, and judgment was rendered for the
plaintiff. Defendant has appealed.

It appears from the allegations of the petition that the
plaintiff, at the dates named therein, was a corporation
organized under the laws of the state of Nebraska, and
was doing a cooperage business at South Omaha, in said
state; that the defendant, at that time, was a corporation
duly organized under the laws of the state of Indiana, and
was engaged in the sale of cooperage supplies at New
Castle, in that state; that the plaintiff desired to purchase
certain cooperage supplies for the purpose of carrying on
its business, and on the 8th day of February, 1907, wrote
the defendant the following letter: "South Omaha, Neb.,
Feb. 8, 1907. Central States Cooperage Co., New Castle,
Ind. Gentlemen: We are in the market for car-load of
23⅝″ mill-run heading, and also a car-load of mill-
run, No. 1, or No. 2, 19⅛″. If you have anything to offer

kindly quote us, and oblige. Yours truly, Omaha Cooperage Company, R. M. Welch, President." On the receipt of this letter, the defendant wrote the plaintiff as follows: "New Castle, Ind., 2-11-07. Omaha Cooperage Co., South Omaha, Neb. Gentlemen: Referring to your favor 8th received, we quote you on M. R. $23\frac{5}{8}''$ heading, 13 cents, No. 2, $19\frac{1}{8}''$, $7\frac{1}{2}$ cents, and No. 1, $8\frac{3}{4}$ cents, delivered South Omaha. We could make shipment of this stock within the next 30 days if the order was placed at once. Respectfully, Central States Cooperage Company, by H. E. Jennings."

It thus appears that the defendant responded to the exact inquiry made by the plaintiff, and further advised the plaintiff that it could make the shipment within 30 days if the order was placed at once. After the receipt of that letter, and on the 13th day of February, the plaintiff replied as follows: "South Omaha, Neb., February 13, 1907. Central States Cooperage Co., New Castle, Ind. Gentlemen: Your letter 11th. Please book our order for car-load of M. R. $23\frac{5}{8}''$ heading at 13c and a car-load of $19\frac{1}{8}''$ heading at $8\frac{3}{4}$c delivered, shipment to be made within the next 30 days. We want the car-load of $19\frac{1}{8}''$ heading just as soon as we can possibly get it, and we would thank you to rush all possible. Yours truly, Omaha Cooperage Company, R. M. Welch, President."

The petition charges that each and all of said letters were signed by the parties whose names are subscribed thereto, and were received by the parties to whom the same were addressed. Again, on February 19, the defendant wrote the plaintiff in relation to its order the following letter: "New Castle, Ind., 2-19-07. Omaha Cooperage Co., S. Omaha, Neb. Gentlemen: Feb'y 11th in answer to your inquiry we quoted you on $23\frac{5}{8}''$ and $19\frac{1}{8}''$ heading. We are very desirous of having your order for this stock, and if same has not already been placed we would be pleased to hear from you. Respectfully, Central States Cooperage Company, by H. E. Jennings."

It thus appears that the defendant again renewed its

offer to sell the specific cooperage ordered by the plaintiff at a specified price. On February 21 the plaintiff replied to the defendant as follows: "South Omaha, Neb., February 21, 1907. Central States Cooperage Co., New Castle, Ind. Gentlemen: Referring to yours of the 19th, on February 13th we wrote you as follows: 'Your letter 11th. Please book our order for car-load of M. R. 23⅝″ heading at 13c and a car-load of 19⅛″ heading at 8¾c delivered, shipment to be made within the next 30 days. We want the car-load 19⅛″ heading just as soon as we can possibly get it, and we would thank you to rush all possible.' Please be governed accordingly. Yours truly, Omaha Cooperage Company, R. M. Welch, President." By this letter the plaintiff again accepted the defendant's offer, and asked it to ship the cooperage at once. These letters were aided by the proper and necessary averments, and they seem to be amply sufficient to establish a contract of purchase and sale, as claimed by the plaintiff. When the defendant replied to plaintiff's first letter, it knew the number of car-loads of cooperage that plaintiff desired to purchase, and knew exactly of what materials the plaintiff was asking prices. It said, in effect: We will furnish you the car-load of 23⅝″ heading at 13 cents, and we will furnish you a car-load of No. 2, 19⅛″, at 7½ cents; or we will furnish you a car-load of No. 1 at 8¾ cents, delivered at South Omaha. Upon the receipt of that letter, the plaintiff answered by its letter of February 13, 1907, in substance: All right, your proposition is accepted. We will take the car-load of 23⅝″ at 13 cents, and the car-load of 19⅛″ at 8¾ cents, shipment to be made in 30 days. It thus appears that a specific unqualified offer to plaintiff was distinctly and unqualifiedly accepted.

In *Nebraska Hardware Co. v. Humphrey Hardware Co.*, 81 Neb. 693, it was said: "In interpreting a written contract, the meaning of which is in doubt and dispute, the court, in order to determine its meaning, will consider all the facts and circumstances leading up to and attend-

ing its execution, and will consider the relations of the parties, the nature and situation of the subject matter, and the apparent purpose of making the contract. The court will, so far as possible, put itself in the place of the parties, and interpret the contract in the light of the circumstances surrounding them at the time it was made and the object which they had in view."

Applying that rule to this case, it seems clear that the plaintiff inquired of the defendant at what price it would furnish two car-loads of cooperage. The defendant by letter, in no uncertain terms, gave the plaintiff the information desired, and offered to sell to the plaintiff the cooperage it desired to purchase at prices definitely fixed by its letter. This offer the plaintiff unqualifiedly accepted, and it seems clear that the letters set out, aided by proper averments, were sufficient to constitute a contract of purchase and sale, as claimed by the plaintiff. The petition properly alleged the breach of this contract, stated the amount of the damages by reason thereof, and concluded with a suitable prayer for judgment. In short, it was not vulnerable to a general demurrer.

The judgment of the district court was clearly right, and is therefore

AFFIRMED.

ROOT, J., not sitting.